[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15404

_____

D.C. Docket No. 3:14-cr-00021-TJC-PDB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL HOLMES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 29, 2019)

Before WILSON, JILL PRYOR and TALLMAN,* Circuit Judges.

PER CURIAM:

_____

* Honorable Richard C. Tallman, United States Circuit Judge for the Ninth Circuit, sitting by designation.

The government charged Michael Homes by indictment with possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Holmes moved to suppress on Fourth Amendment grounds evidence that the government obtained when law enforcement conducted a knock-and-talk investigation at Holmes's residence.  The district court denied the motion to suppress.  The court ruled that no Fourth Amendment violation occurred when law enforcement conducted the knock-and-talk because Holmes failed to revoke the implied license that allowed law enforcement to approach his residence and knock.  After a bench trial, Holmes was found guilty.  The district court enhanced Holmes's sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based in part on its ruling that his 1997 Georgia burglary conviction was for a violent felony.

On appeal, Holmes challenges the district court's denial of his motion to suppress and its ruling that his Georgia burglary conviction was for a violent felony, qualifying him for an ACCA enhancement.  After careful review and with the benefit of oral argument, we affirm the district court's well-reasoned opinion denying Holmes's motion to suppress.  And we conclude, as Holmes concedes, that our decision in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016),

2

forecloses his argument that his 1997 Georgia burglary conviction was not for a violent felony.

**AFFIRMED.**